IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 APR -1 A 10: 53

DEBRA P. HACKETT, CLK

| | |
|---|---|
| ANDREW BASH and JOYCE BASH,<br>Plaintiffs | * * * |
| v. | * Civil Case No. 2:08-cv-240-MEF |
| MICHAEL PATRICK and,<br>DARRYL TAUNTON,<br>in their individual capacities, and<br>CITY OF MOSSES, ALABAMA,<br>Defendants. | * JURY TRIAL DEMANDED<br>*<br>*<br>*<br>* |

## COMPLAINT

COMES NOW Plaintiffs Andrew Bash and Joyce Bash, by and through their attorney, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiffs' rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiffs' rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Andrew Bash (hereinafter, "Andrew") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

4. Plaintiff Joyce Bash (hereinafter, "Joyce") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

5. Defendant Michael Patrick (hereinafter, "Patrick"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Mosses, Alabama, Police Department and is a person whose conduct proximately and directly harmed Plaintiffs.

6. Defendant Darryl Taunton (hereinafter, "Taunton"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Mosses, Alabama, Police Department and is a person whose conduct proximately and directly harmed Plaintiffs.

7. Defendant City of Mosses, Alabama (hereinafter, "the City") is a municipal corporation located in Lowndes County, Alabama, a better and further denomination of which is presently unknown to Plaintiffs, and at all times material hereto was the employer of Patrick.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and

liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

10. Andrew is a severely mentally ill person who is and has been undergoing treatment provided by the Montgomery Area Mental Health Authority for schizophrenia, paranoid type, and borderline intellectual functioning (he can neither read nor write). Joyce, his wife, is his custodian, and he is entirely dependent on her for the most basic elements of his everyday living.

11. On or about May 28, 2007, without probable cause or justification of any sort, defendant Patrick, an officer, agent, or employee of the City's Police Department, driving the City's police car and accompanied by Darryl Taunton, purporting to be a "reserve" police officer, followed a vehicle driven by Andrew from Main Street in Mosses to Andrew's home, a short distance away.

12. Andrew was committing no crime at the time and was reasonably suspected of no crime.

13. When Andrew pulled up into his yard, Patrick drove in behind him, got out of his car, and demanded to see Andrew's driver's license.

14. Andrew, fearful, under great stress and unable to properly respond to Patrick, stated that he was going to get his wife.

15. Andrew then entered his house to fetch Joyce.

16. Without invitation, consent, warrant, or probable cause, Patrick and Taunton entered the home lawfully occupied by Andrew and Joyce, and in which they had a possessory

interest.

17. Patrick immediately grabbed Andrew, flung him about, and finally threw him to the floor.

18. While Andrew was on the floor, Patrick pulled out his Taser electronic weapon and fired its barbs into Andrew's body.

19. Andrew, still on the floor after having been subdued by Patrick, managed to grab the Taser and throw it out the open door. Plaintiffs then managed to shut and lock the door.

20. Patrick retrieved the Taser and returned to the door, where he proceeded to batter it, completely destroying said door.

21. "Reserve officer" Taunton then entered the house, handcuffed Andrew, and led him outside.

22. Taunton is not certified as a law enforcement officer by the Alabama Peace Officers Standards and Training Commission.

23. During all of this hubbub, Joyce did not menace or threaten anyone.

24. Andrew was taken to jail, from which he was released without charges.

25. On June 4, 2007, Joyce filed a letter of complaint with the Mayor of Mosses.

26. The Mayor of Mosses took no apparent action on the said letter of complaint, but its content was made known to Patrick.

27. On or about June 19, 2007, "reserve officer" Taunton swore out a warrant against Joyce for menacing, alleging that she threatened him with a steak knife.

28. On or about June 22, 2007, Patrick filed a criminal complaint against Andrew for assault in the third degree, alleging that Andrew bit his right thumb while Patrick was tasing him.

29. Also on or about June 22, 2007, Patrick filed a criminal complaint against Andrew for resisting arrest.

30. On or about July 3, 2007, Patrick charged Andrew in a Uniform Non-Traffic Citation and Complaint with "loud music."

31. On or about July 3, 2007, Patrick charged Andrew in a Uniform Traffic Ticket and Complaint with "attempting to evade police."

32. On or about July 3, 2007, Patrick charged Andrew in a Uniform Traffic Ticket and Complaint with "no drivers license."

33. Upon their appearance in the District Court of Lowndes County, all charges against Joyce and Andrew were terminated in their favor.

34. Joyce has been injured and damaged. She has suffered severe emotional distress and mental anguish. Her home has been damaged and she has suffered pecuniary loss thereby.

35. Andrew has been injured and damaged. He has suffered severe emotional distress and mental anguish. His home has been damaged and he has suffered pecuniary loss thereby.

36. At the time Patrick attacked Plaintiff, Plaintiff was not under arrest and was not committing any violation of law.

37. Andrew was caused to have physical injuries. These injuries resulted in permanent harm to him.

## CAUSES OF ACTION

38. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – 42 U.S.C. § 1983 ILLEGAL ENTRY

39. At all times material hereto, Patrick was acting as a law enforcement officer pursuant to State statute and the ordinances, customs, and policies of the Mosses Police Department.

40. Plaintiffs had a protectible interest in the integrity of their home as against government intrusion. They further had a right under the Fourth Amendment to the United States Constitution to be secure in their home against unreasonable entries, searches, and seizures.

41. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

42. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Patrick entered Plaintiffs' home without probable cause, without a warrant, and without exigent circumstances.

44. Plaintiffs have been injured thereby.

## COUNT II – 42 U.S.C. § 1983 EXCESSIVE FORCE

45. Patrick assaulted and battered Andrew without justification of any sort and subjected him to unreasonable and excessive force by beating him, throwing him to the floor and subjecting him to electrocution in violation of the Fourth Amendment to the United States Constitution.

46. Andrew's rights under the Fourth Amendment were thus impermissibly abridged and violated.

47. The aforesaid conduct proximately caused damage to Andrew in that it caused him to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT III – 42 U.S.C. § 1983 FALSE ARREST / MALICIOUS PROSECUTION – JOYCE

48. Patrick and Taunton initiated a criminal prosecution as against Joyce.

49. The said criminal prosecution was commenced absent probable cause.

50. The said criminal prosecution was initiated for improper and malicious purposes, to wit: in retaliation for Joyce's having filed a letter of complaint against Patrick and defensively in order to mask the wrongfulness of the defendants' acts on May 28, 2007.

51. In initiating the said criminal prosecution, Taunton acted both on his own behalf and as Patrick's cat's paw

52. The said criminal prosecution was terminated in Joyce's favor.

53. Joyce has been damaged thereby.

## COUNT IV – STATE LAW TRESPASS

54. At the time and on the date at issue, Plaintiffs had an unquestioned right to the quiet enjoyment of their property, the same being both realty and personalty.

55. The property at issue was properly and lawfully held and occupied by Plaintiffs.

56. The defendants entered upon the land held and occupied by Plaintiff without consent or lawful process.

57. The defendants' entry upon Plaintiffs' land and trespass to their land interfered with the right to quiet enjoyment of their property.

58. The defendants are liable to Plaintiff for the damages resulting from the said trespass.

## COUNT V – STATE LAW ASSAULT AND BATTERY

59. On the date and at the time of the conduct made the subject of this action, the defendants, or one or both of them, touched Andrew in rudeness, in anger, or in a hostile manner, by touching his person.

60. Andrew suffered damages as otherwise herein described as a direct and proximate result

of the assault and battery by the defendants, or one or both of them.

## COUNT V – STATE LAW MUNICIPAL LIABILITY

61. Both Patrick and Taunton were unskillful, neglectful, and careless in their conduct toward Joyce and Andrew.

62. In attempting to make an arrest, Patrick negligently battered Andrew.

63. Both Patrick and Taunton were unskillful and careless and failed to follow procedures in their initial entry into Plaintiffs' home.

64. In destroying Plaintiffs' door while attempting to reenter Plaintiffs' home, Patrick was careless and unskillful.

65. In permitting an unskilled, untrained, uncertified police officer to exercise police duties on behalf of the City, the City is directly liable for any damage caused by Taunton.

66. Plaintiffs have been injured and damaged by the unskillful, neglectful, and careless conduct of Patrick and Taunton.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

b) Grant Compensatory damages in favor of Plaintiffs as against all defendants of $500,000.00;

c) Grant Punitive damages to Plaintiffs against all defendant in the amount of $500,000.00;

d) Grant Plaintiffs the cost of this action including reasonable attorneys' fees;

e)  Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the ___ day of April, 2008.

JAY LEWIS (ASB-2014-E66J)
FRED CLEMENTS (ASB-5682-R39C)
Plaintiffs' Attorneys

OF COUNSEL:
Law Offices of Jay Lewis
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

## PLAINTIFFS DEMAND TRIAL BY JURY