IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW BASH and JOYCE BASH, | * |
| Plaintiffs, | * |
| vs. | * Civil Case No.: 2:08-cv-240-MEF |
| MICHAEL PATRICK and, DARRYL TAUNTON, in their individual capacities, and CITY OF MOSSES, ALABAMA, | * |
| Defendants. | * |

## ANSWER

COME NOW, Defendants, by and through counsel, and state the following as their answer to Plaintiffs' complaint:

### JURISDICTION AND VENUE

1. These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate the matter set forth in Plaintiffs' complaint. These Defendants deny the remainder of paragraph 1 of Plaintiffs' complaint.

2. These Defendants admit that the events between Defendants and Plaintiff occurred in Lowndes County, Alabama which is in the Northern Division of the Middle District of the State of Alabama. These Defendants deny any and all liability alleged in paragraph 2 of Plaintiffs' complaint.

### PARTIES

3. Admit.

4. Admit.

5. These Defendants admit that Michael Patrick is a natural person over the age of nineteen years and at all material times hereto, was an employee, officer, and agent of the Town of Mosses, Alabama. These Defendants deny the remainder of paragraph 5 of Plaintiffs' complaint and demand strict proof thereof.

6. These Defendants admit that Darryl Taunton is a natural person over the age of nineteen years and at all material times hereto, was an employee, officer, and agent of the Town of Mosses, Alabama. These Defendants deny the remainder of paragraph 6 of Plaintiffs' complaint and demand strict proof thereof.

7. These Defendants admit that the Town of Mosses, Alabama, is a municipal corporation located in Lowndes County, Alabama.

## NATURE OF PROCEEDINGS

8. These Defendants deny that Plaintiff is entitled to declaratory relief, compensatory damages, or punitive damages. These Defendants demand strict proof of Plaintiffs' allegations set forth in paragraph 8 of Plaintiffs' complaint.

## FACTS

9. No answer is required of these Defendants as to paragraph 9 of Plaintiffs' complaint.

10. These Defendants admit that Plaintiff has medical issues. These Defendants are unable to admit or deny the extent of Plaintiffs' medical issues. These Defendants deny any and all liability alleged in paragraph 10 of Plaintiffs' complaint and demand strict proof thereof.

11. These Defendants deny paragraph 11 of Plaintiffs' complaint and demand strict proof thereof.

12. These Defendants deny paragraph 12 of Plaintiffs' complaint and demand strict proof thereof.

13. These Defendants deny paragraph 13 of Plaintiffs' complaint and demand strict proof thereof.

14. These Defendants deny paragraph 14 of Plaintiffs' complaint and demand strict proof thereof.

15. These Defendants deny paragraph 15 of Plaintiffs' complaint and demand strict proof thereof.

16. These Defendants deny paragraph 16 of Plaintiffs' complaint and demand strict proof thereof.

17. These Defendants deny paragraph 17 of Plaintiffs' complaint and demand strict proof thereof.

18. These Defendants deny paragraph 18 of Plaintiffs' complaint and demand strict proof thereof.

19. These Defendants deny paragraph 19 of Plaintiffs' complaint and demand strict proof thereof.

20. These Defendants deny paragraph 20 of Plaintiffs' complaint and demand strict proof thereof.

21. These Defendants deny paragraph 21 of Plaintiffs' complaint and demand strict proof thereof.

22. These Defendants deny paragraph 22 of Plaintiffs' complaint and demand strict proof thereof.

23. These Defendants deny paragraph 23 of Plaintiffs' complaint and demand strict proof

thereof.

24. These Defendants deny paragraph 24 of Plaintiffs' complaint and demand strict proof thereof.

25. These Defendants admit that Joyce Bash sent a letter to the Mayor of Mosses on or about June 4, 2007. These Defendants deny any and all liability alleged in paragraph 25 of Plaintiffs' complaint.

26. These Defendants deny paragraph 26 of Plaintiffs' complaint and demand strict proof thereof.

27. These Defendants admit a warrant was issued against Joyce Bash for menacing.

28. These Defendants admit a complaint was filed against Andrew Bash for assault.

29. These Defendants admit a complaint was filed against Andrew Bash for resisting arrest.

30. These Defendants admit that Andrew Bash was issued a citation for loud music.

31. These Defendants admit that Andrew Bash was issued a citation for attempting to evade police.

32. These Defendants admit that Andrew Bash was issued a citation for operating a vehicle without a valid driver's license.

33. These Defendants admit that the charges against Andrew Bash and Joyce Bash were dismissed.

34. These Defendants deny paragraph 34 of Plaintiffs' complaint and demand strict proof thereof.

35. These Defendants deny paragraph 35 of Plaintiffs' complaint and demand strict proof thereof.

36. These Defendants deny paragraph 36 of Plaintiffs' complaint and demand strict proof thereof.

37. These Defendants deny paragraph 37 of Plaintiffs' complaint and demand strict proof thereof.

## CAUSES OF ACTION

38. No answer is required of these Defendants as to paragraph 38 of Plaintiffs' complaint.

## COUNT I - 42 U.S.C. §1983 ILLEGAL ENTRY

39. These Defendants admit that Michael Patrick was acting as a law enforcement officer pursuant to state statute and the ordinances, customs, and policies of the Town of Mosses Police Department. These Defendants deny any and all liability alleged in paragraph 39 of Plaintiffs' complaint and demand strict proof thereof.

40. These Defendants admit that Plaintiff had a protectible interest in the integrity of their home as against government intrusion and a right under the Fourth Amendment to the United States Constitution to be secure in their home against unreasonable entries, searches and seizures subject to the criminal laws of the State of Alabama. These Defendants deny any and all liability alleged in paragraph 40 of Plaintiffs' complaint and demand strict proof thereof.

41. These Defendants deny paragraph 41 of Plaintiffs' complaint and demand strict proof thereof.

42. These Defendants deny paragraph 42 of Plaintiffs' complaint and demand strict proof thereof.

43. These Defendants deny paragraph 43 of Plaintiffs' complaint and demand strict proof thereof.

44. These Defendants deny paragraph 44 of Plaintiffs' complaint and demand strict proof thereof.

### COUNT II - 42 U.S.C. §1983 EXCESSIVE FORCE

45. These Defendants deny paragraph 45 of Plaintiffs' complaint and demand strict proof thereof.

46. These Defendants deny paragraph 46 of Plaintiffs' complaint and demand strict proof thereof.

47. These Defendants deny paragraph 47 of Plaintiffs' complaint and demand strict proof thereof.

### COUNT III - 42 U.S.C. §1983 FALSE ARREST/ MALICIOUS PROSECUTION - JOYCE BASH

48. These Defendants admit that criminal charges were brought against Joyce Bash, based on probable cause. These Defendants deny any and all liability alleged in paragraph 48 of Plaintiffs' complaint.

49. These Defendants deny paragraph 49 of Plaintiffs' complaint and demand strict proof thereof.

50. These Defendants deny paragraph 50 of Plaintiffs' complaint and demand strict proof thereof.

51. These Defendants deny paragraph 51 of Plaintiffs' complaint and demand strict proof thereof.

52. These Defendants admit that the prosecution of Joyce Bash was terminated in her

favor. These Defendants deny any and all liability alleged in paragraph 52 of Plaintiffs' complaint.

53. These Defendants deny paragraph 53 of Plaintiffs' complaint and demand strict proof thereof.

### COUNT IV - STATE LAW TRESPASS

54. These Defendants admit that Plaintiffs had a right to quiet enjoyment of their property subject to the laws of the State of Alabama. These Defendants deny any liability alleged in paragraph 54 of Plaintiffs' complaint and demand strict proof thereof.

55. These Defendants admit that Plaintiffs properly and lawfully owned the real property at issue in this case. These Defendants deny that Plaintiffs were acting lawfully on the property at issue in this case. These Defendants deny any and all liability alleged in paragraph 55 of Plaintiffs' complaint and demand strict proof thereof.

56. These Defendants deny paragraph 56 of Plaintiffs' complaint and demand strict proof thereof.

57. These Defendants deny paragraph 57 of Plaintiffs' complaint and demand strict proof thereof.

58. These Defendants deny paragraph 58 of Plaintiffs' complaint and demand strict proof thereof.

### COUNT V - STATE LAW ASSAULT AND BATTERY

59. These Defendants deny paragraph 59 of Plaintiffs' complaint and demand strict proof thereof.

60. These Defendants deny paragraph 60 of Plaintiffs' complaint and demand strict

proof thereof.

## COUNT V - STATE LAW MUNICIPAL LIABILITY

61. These Defendants deny paragraph 61 of Plaintiffs' complaint and demand strict proof thereof.

62. These Defendants deny paragraph 62 of Plaintiffs' complaint and demand strict proof thereof.

63. These Defendants deny paragraph 63 of Plaintiffs' complaint and demand strict proof thereof.

64. These Defendants deny paragraph 64 of Plaintiffs' complaint and demand strict proof thereof.

65. These Defendants deny paragraph 65 of Plaintiffs' complaint and demand strict proof thereof.

66. These Defendants deny paragraph 66 of Plaintiffs' complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

67. These Defendants deny Plaintiff is entitled to any relief set forth in Plaintiffs' "prayer for relief" and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead their actions were justified.

2. These Defendants affirmatively plead their actions were based on probable cause.

3. These Defendants affirmatively plead they are entitled to immunity.

4. These Defendants affirmatively plead the general issue.

5. These Defendants affirmatively plead intervening and superceding causation.

6. These Defendants affirmatively plead that law is not clearly established regarding some of the allegations in Plaintiffs' complaint.

7. These Defendants affirmatively plead their actions were reasonable and justified.

8. These Defendants affirmatively plead that a policy or custom of the Town of Mosses was not the moving force behind Plaintiffs' alleged constitutional violations.

9. These Defendants affirmatively plead that probable cause existed to institute criminal proceedings against Plaintiffs.

10. These Defendants affirmatively plead their use of force was reasonable and justified.

11. These Defendants affirmatively plead that a municipality cannot be liable for an intentional tort.

12. These Defendants affirmatively plead that any damages against them are limited by statute and case law.

13. These Defendants affirmatively plead that Plaintiffs did not comply with statutory requirements to maintain this lawsuit.

14. These Defendants affirmatively plead their touching of Plaintiffs was based on probable cause and privileged pursuant to Alabama law.

15. These Defendants affirmatively plead they are entitled to qualified immunity, substantive immunity, state agent immunity, and immunity pursuant to Alabama Code §6-5-338.

                                               s/Rick A. Howard
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (HOW045)
April W. McKay (WIL304)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36101-4128
(334) 215-8585
(334) 215-7101 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by placing a copy of the same in the United States Mail, properly addressed and postage prepaid upon:

Jay Lewis
Fred Clements
Law Offices of Jay Lewis
P.O. Box 5059
Montgomery, Alabama 36103

on this the 18th day of April, 2008.

                                          s/Rick A. Howard
                                          OF COUNSEL